UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
KELLY MILLER,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )    Civil Action No. 20-1736 (UNA)
                                       )
FACEBOOK, INC.,                        )
                                       )
                Defendant.             )
                                       )

**FILED**

JUN 30 2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's application to proceed *in forma pauperis*, her *pro se* complaint, and a motion for injunctive relief. The Court will GRANT the application and DISMISS the complaint.

Plaintiff alleges that Defendant will deny her access to her Facebook page and profile if she does not present some form of a government-issued identification. She purports to bring this action under the Privacy Act, *see* 5 U.S.C. 552a, and demands, among other relief, a voting seat on Defendant's Board of Directors and an award of $750 million.

The Privacy Act authorizes claims against federal government agencies, including executive departments. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *see* 5 U.S.C. § 552a(1). It does not apply to a private entity. *See Chimarev v. TD Waterhouse Inv'r Servs., Inc.*, 99 F. App'x 259, 261 (2d Cir. 2004) (concluding that appellant "cannot sue for invasion of privacy pursuant to 5 U.S.C. § 552a, which deals with information retained by government agencies, not private employers"); *Sharwell v. Best Buy*, 230 F.3d 1359 (6th Cir.

2000) (affirming dismissal of Privacy Act claim against retailers who allegedly "refus[ed] to sell [appellant] computer equipment or Internet services unless he divulged his social security number"); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447-48 (9th Cir. 1985) (affirming dismissal of Privacy Act claim against private not-for-profit corporation); *Tyree v. Hope Village, Inc.*, 677 F. Supp. 2d 109, 110 (D.D.C. 2009) (finding that halfway house "is not an agency subject to suit" under Privacy Act).

    The Court concludes that the complaint fails to state a Privacy Act claim. Accordingly, the Court grants plaintiff's application to proceed *in forma pauperis*, dismisses the complaint, and denies plaintiff's motion for injunctive relief as moot. An Order accompanies this Memorandum Opinion.

DATE: June 30, 2020

/s/
EMMET G. SULLIVAN
United States District Judge